UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | NO. CR-08-146-LRS |
| ) | |
| v. ) | **MEMORANDUM OPINION RE SENTENCING** |
| ) | |
| DALLAS C. HERMAN, ) | |
| Defendant. ) | |
| _____ ) | |

A sentencing hearing was held on April 14, 2010. Timothy J. Ohms, Esq., appeared for the United States. Kailey E. Moran, Esq., appeared for the Defendant.

The court concluded Defendant is a "Career Offender" pursuant to U.S.S.G. Section 4B1.1(a) because he has at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense." As a "Career Offender," Defendant's Criminal History Category is VI and because he is subject to a statutory maximum term of life imprisonment, his Total Offense Level is 37. U.S.S.G. Section 4B1.1(b). With a three level reduction for acceptance of responsibility, U.S.S.G. Section 3E1.1, Defendant's Total Adjusted Offense Level is 34, resulting in an advisory guideline range of 262 to 327 months imprisonment. Based on the 18 U.S.C. Section 3553(a) factors, Defendant was given a non-guideline sentence of 186 months imprisonment.

This memorandum opinion memorializes the rulings on Defendant's objections regarding application of the sentencing guidelines.

**Objection No. 1**: The Pre-Sentence Investigation Report (PSIR) arrived at a

**MEMORANDUM OPINION-      1**

Base Offense Level of 32 pursuant to U.S.S.G. Section 2D1.1(c)(4) based on the presence of at least 50 grams, but less than 150 grams, of "actual" (pure) methamphetamine. The DEA laboratory analysis revealed that of the total mixture of 169.8 grams, 63.8 grams was "pure."

Defendant contends the Base Offense Level should be 26 pursuant to U.S.S.G. Section 2D1.1(c)(7) for at least 50 grams, but less than 200 grams, of methamphetamine.[1] And indeed, the Plea Agreement (Ct. Rec. 99 at Paragraph 10(a)) recites that "[t]he United States and the Defendant agree that base offense level for Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine [is] 26." Following this statement, there is a citation to U.S.S.G. Section 2D1.1(c)(6), but this is obviously an error as it is (c)(7) which dictates a Base Offense Level of 26.

Defendant pled guilty to an Information charging him with "Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine" in violation of 21 U.S.C. Section 841(a)(1). The "Factual Basis and Statement of Facts" contained in the Plea Agreement (Ct. Rec. 99 at Paragraph 7) recites that "[a] DEA lab test confirmed that the substance was 169.8 grams of a mixture or substance containing a detectible amount of methamphetamine." There is, however, no reference to the amount of actual (pure) methamphetamine.

While the Government is obligated to prove beyond a reasonable doubt the quantity of drugs involved in order to obtain an increased sentence under 21 U.S.C. Section 841(a)(1), it does not have to prove beyond a reasonable doubt that a defendant knew of the specific quantity. *U.S. v. Toliver*, 351 F.3d 423, 431-33 (9th Cir. 2003). A "defendant charged with importing or possessing a drug is not required

---

[1] Also subject to this Base Offense Level is a quantity of at least 5 grams, but less than 20 grams, of actual (pure) methamphetamine.

**MEMORANDUM OPINION-    2**

to know the type and amount of drug." *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002). It is sufficient that a defendant knows he possessed some kind of prohibited drug. See Ninth Circuit Model Criminal Jury Instruction 9.13.

It is inconsequential that Defendant's Plea Agreement does not recite the amount of actual (pure) methamphetamine. The Plea Agreement recites the overall quantity (169.8) and that amount has been proven beyond a reasonable doubt by virtue of Defendant's guilty plea. It is that amount, along with the fact Defendant was convicted of a prior felony drug offense, which gives rise to an increased sentence under 21 U.S.C. Section 841(a)(1), specifically a statutory minimum of 10 years imprisonment (120 months) and a statutory maximum of life imprisonment pursuant to 21 U.S.C. Section 841(b)(1)**(B)**(viii) which applies when there is 5 grams or more of actual (pure) methamphetamine, or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. In August 2008, Defendant was convicted in Flathead County, Montana for Possession With Intent To Distribute Methamphetamine (Paragraph 96 of PSIR). Defendant acknowledges he is subject to a 10 year mandatory minimum.

There is no *Apprendi*[2] issue because Defendant is not subject to a sentence in excess of the statutory maximum (life). That Defendant's Base Offense Level is 32 under the sentencing guidelines does not create an *Apprendi* issue because Defendant is not subject to a sentence in excess of the statutory maximum of life imprisonment which applies because of the quantity of drugs (169.8 grams) he admitted to possessing, and because of the fact he was convicted of a prior felony drug offense. *Apprendi* is concerned with not exceeding statutory maximum sentences based on facts which have not been proven beyond a reasonable doubt.

Defendant's Objection No. 1 would be overruled, but it is moot in light of the court's finding that Defendant is a "Career Offender" under the sentencing guidelines,

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

**MEMORANDUM OPINION-** 3

making his Total Offense Level 37.

**Objection No. 2:** Defendant is a "Career Offender" pursuant to U.S.S.G. Section 4B1.1(a) because he has at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense." The two prior felony convictions include the aforementioned methamphetamine conviction out of Flathead County, Montana (the "controlled substance offense"), and a September 2001 conviction, also out of Flathead County, for Conspiracy to Commit Robbery. Defendant contends the Conspiracy to Commit Robbery conviction does not qualify as a "crime of violence."

"Crime of violence" is defined as any offense under federal or state law, punishable by a term of imprisonment exceeding one year, that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or **extortion**, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. Section 4B1.2(a). (Emphasis added). A "crime of violence" includes the offenses of conspiring to commit such offenses. Application Note 1 to Section 4B.1.2. "Crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, **extortion**, extortionate extension of credit, and burglary of a dwelling." *Id*. (emphasis added).

Under the categorical approach, the court normally looks only to the fact of conviction and the statutory definition of the prior offense to determine if it is a "crime of violence." *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143 (1990). Defendant contends his Conspiracy to Commit Robbery conviction pursuant to Montana Code Annotated (MCA) 45-4-102(1) and 45-5-401(1)(b) is not categorically a "crime of violence" because it includes conduct that does not fall within the generic definition of "robbery," that being "aggravated larceny, containing

**MEMORANDUM OPINION-    4**

at least the elements of misappropriation of property under circumstances involving **immediate danger to the person**." *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008). (Emphasis added). Per MCA 45-5-401(1)(b), a person commits the offense of robbery if in the course of committing a theft, the person "threatens to inflict bodily injury upon any person **or** purposely or knowingly puts any person in fear of immediate bodily injury." (Emphasis added). Defendant contends the use of the disjunctive "or" means the Montana statute does not require a threat of "immediate" danger and therefore, does not fall within the generic definition of "robbery."

In *Becerril-Lopez*, the Ninth Circuit found California's robbery statute, Cal. Penal Code § 211, to be broader than the generic definition of "robbery" because it encompassed mere threats to property, in addition to threats to persons.[3] The Ninth Circuit observed, however, that "robbery is not the only hurdle," because the U.S. Supreme Court has defined generic "extortion" as "obtaining something of value from another with consent induced by the wrongful use of force, fear, or threats." *Becerril-Lopez*, 541 F.3d at 891-92, quoting *Scheidler v. Nat'l Org. For Women, Inc.*, 537 U.S. 393, 409, 123 S.Ct. 1057 (2003). Thus, unlike robbery, the threats that constitute extortion include threats to harm property and cause other unlawful injuries. *Id.* at 892. Accordingly, the Ninth Circuit concluded in *Becerril-Lopez* that if a conviction under Cal. Penal Code § 211 involved a threat not encompassed by generic "robbery," it would necessarily constitute generic "extortion" and therefore be a "crime of violence." *Id*. The circuit also pointed out that generic "extortion" does not require the threat be of immediate harm, and that a threat of future harm will suffice. *Id*. In *United States v. Harris*, 572 F.3d 1065 (9th Cir. 2009), the Ninth Circuit followed its ruling in *Becerril-Lopez* in finding that a defendant's Nevada convictions for robbery

---

[3] There is no dispute here that MCA 45-5-501(b) does not encompass mere threats to property.

**MEMORANDUM OPINION-**      5

and attempted robbery categorically qualified as "crimes of violence" under U.S.S.G. Section 4B1.2 because "any conduct . . . that did not satisfy the generic definition of robbery, such as threats to property, would satisfy the generic definition of extortion."[4]

Even if MCA 45-5-401(b) encompasses non-immediate threats to a person which do not fall within the generic definition of "robbery" ("aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person"), those same threats do fall within the generic definition of "extortion." Accordingly, a conviction under MCA 45-5-401(b) categorically qualifies as a "crime of violence" and there is no need to engage in a "modified categorical approach." Defendant is properly designated a "Career Offender" under U.S.S.G. Section 4B1.1(a).

Defendant's Objection No. 2 is overruled, rendering moot Defendant's Objection No.1.

The District Court Executive is directed to provide copies of this memorandum opinion to counsel.

**DATED** this ___15th___ day of April, 2010.

*s/Lonny R. Suko*
────────────────────────────
LONNY R. SUKO
Chief United States District Judge

---

[4] *Becerril-Lopez* did not involve Section 4B1.2. It involved U.S.S.G. Section 2L1.1(b), but the definition of "crime of violence" in Application Note 1(B)(iii) to Section 2L1.1(b) is virtually identical to the definition of "crime of violence" found in Section 4B1.2(a) and Application Note 1 thereto.

**MEMORANDUM OPINION-      6**