# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR-08-146-LRS |
| Plaintiff, ) | (CV-12-567-LRS) |
| ) | |
| v. ) | **ORDER DISMISSING** |
| ) | **28 U.S.C. §2255 MOTION** |
| DALLAS C. HERMAN, ) | |
| Defendant. ) | |

**BEFORE THE COURT** is Defendant's 28 U.S.C. §2255 Motion (ECF No. 143).

§2255 provides in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, the motion and the files and records of the case conclusively show the Defendant is entitled to no relief.

Defendant's motion appears to be timely under 28 U.S.C. §2255(f) in that it was filed within one year from the entry of final judgment. 28 U.S.C. §2255(f)(1). The Ninth Circuit Court of Appeals affirmed Defendant's conviction (ECF No. 140) and issued its Mandate on March 17, 2011 (ECF No. 141). Defendant filed a petition for writ of certiorari with the United States

**ORDER DISMISSING**
**§2255 MOTION-                    1**

Supreme Court which was denied on October 3, 2011, and this is the date on which his conviction became final.  Although his §2255 motion bears a filing stamp of October 10, 2012, Defendant certifies that he placed his motion in the prison mailing system on September 29, 2012.  Under the "mailbox rule," a pro se habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities.  *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *overruled on other grounds by*, *Carey v. Saffold*, 536 U.S. 214 (2002).  Therefore, Defendant's motion is deemed filed as of September 29, 2012.

Defendant's memorandum filed in support of his motion, for the most part, merely reiterates arguments which his counsel presented to this court and to the Ninth Circuit Court of Appeals.  See this court's February 4, 2009 "Order Denying Motion To Suppress," (ECF No. 43), filed after the January 21, 2009 evidentiary hearing at which Trooper Walker testified; this court's September 11, 2009 "Order Re Motion To Reconsider" (ECF No. 80), filed after the September 2, 2009 evidentiary hearing at which Defendant's forensic chemist testified; and the Ninth Circuit's slip opinion (ECF No. 140), filed February 23, 2011.

Defendant did not contest the validity of the traffic stop before this court or the Ninth Circuit.  His counsel was not ineffective for failing to do so.  All that was necessary to stop Defendant's vehicle was reasonable suspicion and this court found it existed.  Indeed, Defendant acknowledges that "[a]t most there is Reasonable Suspicion to stop the vehicle to check the driver's license and registration, and to ascertain if there is something wrong with the driver." (ECF No. 144 at p. 13).  Reasonable suspicion is a lesser standard than probable cause and distinct from the probable cause to arrest the Defendant and search his vehicle which developed after Defendant's vehicle was lawfully stopped and he was ordered out of the vehicle.

**ORDER DISMISSING**
**§2255 MOTION-** 2

Trooper Walker did not need probable cause to order the Defendant out of his vehicle. He needed only reasonable suspicion to do so. This court found Trooper Walker credible and the Ninth Circuit affirmed this court's determination. According to the circuit: "Walker's testimony was consistent . . . regarding Herman's erratic driving, indications that Herman was intoxicated, and Herman's evasive behavior when asked about weapons." (ECF No. 140 at p. 2). Defendant's movements while seated in the vehicle- reaching around to the right side of his body and pushing on the top of the center console to try and close it- did not occur in response to the trooper asking the Defendant for proof of insurance and registration, but in response to the trooper asking if the Defendant had any weapons. As the Ninth Circuit concluded: "Walker's observation that Herman was intoxicated together with Herman's evasive movements when asked about weapons created reasonable suspicion that Herman might be armed and dangerous, thus justifying Walker in ordering Herman out of the car and performing a pat down frisk." (ECF No. 140 at p. 3).

As this court and the Ninth Circuit explained, probable cause to search Defendant's vehicle was established when during the course of the pat down frisk, Trooper Walker discovered a spoon in Defendant's pocket which had methamphetamine residue on it. The discovery of the spoon, along with the trooper's observations regarding Defendant's appearance and behavior, created probable cause. Trooper Walker did not need to conduct field sobriety tests in order to establish probable cause to search Defendant's vehicle. As the Ninth Circuit noted, because the search of the vehicle was justified under the automobile search exception, it was not necessary to justify it as incidental to a valid arrest, even though it was justified on that basis as well. (ECF No. 140 at pp. 3-4).

**ORDER DISMISSING**
**§2255 MOTION-**                               3

Counsel did not render ineffective assistance by not allowing the Defendant to testify at either of the evidentiary hearings. This was a strategic decision to prevent the Defendant from inadvertently incriminating himself. Counsel did not render ineffective assistance by not calling Spokane police officer Boothe or the Government's laboratory technician as witnesses during either of the evidentiary hearings. It is not apparent what they would have testified to that had a probability of changing the outcome of Defendant's motion to suppress. At the September 2, 2009 evidentiary hearing, Defendant's counsel presented the evidence (through her forensic chemist) and made the very arguments which Defendant now repeats in his motion regarding "chain of custody."

In a §2255 motion based on ineffective assistance of counsel, the movant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption defense counsel's performance was sufficiently effective. *Id*. at 689. Petitioner must show his counsels' performance was "outside the wide range of professionally competent assistance." *Id*. at 690. Tactical decisions of trial counsel deserve deference when: (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an informed decision based on investigation; and (3) the decision appears reasonable under the circumstances. *Thompson v. Calderon*, 86 F.3d 1509, 1515-16 (9th Cir. 1996), citing *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Here, the performance of Defendant's counsel was not deficient. It was not outside the wide range of professionally competent assistance. Counsel's tactical decisions deserve deference because her conduct during the evidentiary hearings was based on strategic decisions and the record indicates she made

**ORDER DISMISSING**
**§2255 MOTION-**                               **4**

informed decisions based on investigation which appear reasonable under the circumstances.

Accordingly, Defendant's §2255 Motion (ECF No. 143) is **DISMISSED with prejudice**. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as Defendant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to the Defendant.

**DATED** this   20th    of November, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DISMISSING**
**§2255 MOTION-** 5