UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DALLAS C. HERMAN,<br><br>　　　　　　Defendant. | No. 2:08-CR-0146-LRS-1<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. §2255** |

**BEFORE THE COURT** is Petitioner Dallas C. Herman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in Light of *Johnson v. United States*, 135 S.Ct. 2551(2015) (ECF No. 162). The court has considered the relevant record, including the Motion (ECF No. 162), the Government's Response (ECF No. 168), and Defendant's Reply (ECF No. 169).

## I.　BACKGROUND

On November 18, 2009, Herman pled guilty to an Information charging him with Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable amount of Methamphetamine. Based upon the Government's prior filing of a notice pursuant to 21 U.S.C. § 851, a mandatory minimum period of incarceration of 120 months applied. In the parties' plea

ORDER - 1

agreement, the Government stated its belief that Herman's criminal history qualified him as a career offender which would subject him to an enhanced base offense level under the U.S. Sentencing Guidelines. (ECF No. 99, ¶ 10).

In preparation for sentencing, a presentence report was prepared. The PSR proposed a finding that Herman met the predicate conditions for a career offender under U.S.S.G. §4B1.1 based upon two prior felony convictions qualifying as either a "crime of violence" or a "controlled substance offense": 1) a 2001 conviction for Conspiracy to Commit Robbery under Montana Code Section 45-4-102(1) and 45-5-401(2) and (2) Possession with Intent to Distribute Methamphetamine under Montana Code Section 45-9-103(1), 45-9-103(3). Based upon a total offense level of 34 and criminal history category of VI, the resulting advisory guideline range was 262-327 months.

Herman objected to the use of Montana robbery conviction as a career offender predicate. He argued the conviction did not qualify as a crime of violence because the offense was overbroad and could be committed without purposeful, violent and aggressive conduct. (ECF No. 111 at 11). This issue was extensively briefed and argued at the sentencing hearing. (ECF Nos. 111, 119, 120, 121, 135). The Government argued the conviction qualified as a categorical crime of violence under §4B1.2 because it satisfied the generic definition of extortion, if not robbery. (ECF No. 119 at 1-4). The Government urged the court to adopt the findings of the PSR and impose a 278-month term of incarceration. (ECF No. 112).

ORDER - 2

At sentencing the court adopted the PSR without change and filed a Memorandum Opinion Re: Sentencing explaining its conclusion that Herman qualified as a career offender under §4B1.1. (ECF No. 123). The court made two findings regarding the Montana robbery statute, MCA 45-5-401(1)(b), in which a person commits the offense of robbery if in the course of committing a theft, the person "threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury." Relevantly, the Guidelines defined a crime of violence as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, "that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or **extortion**, [or] involves use of explosives." U.S.S.G. § 4B1.2(a). Application Note 1 of the commentary to the Career Offender Guidelines also provided as follows:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, **extortion**, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the court of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

Id. app. n.1. First, the court held that the Montana law was overbroad for purposes of the "force clause" of the definition of "crime of violence" contained in U.S.SG. §4B1.2(a)(1). Second, it concluded that the conviction categorically qualified as a

ORDER - 3

"crime of violence," following the rationale utilized in *U.S. v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) and *U.S. v. Harris*, 572 F.3d 1065 (9th Cir. 2009). In essence, conduct covered by the Montana robbery statute would necessarily meet either the definition of generic robbery or generic extortion (i.e., "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats."). (ECF No. 123 at 5).

On April 16, 2010, the court entered Judgment sentencing Herman to 186 months imprisonment, a term 76 months below the low-end of the career offender guideline range.[1]

Herman did not appeal the court's sentence or findings relevant to the Montana robbery conviction.

///

///

///

///

///

---

[1] Without the career offender adjustments, an offense level of 29 (ECF No. 113, ¶ 30) and criminal history score of 11 (ECF No. 113, ¶107), would have resulted in an advisory guideline range of 140-175 months.

ORDER - 4

In June 2015, the Supreme Court struck the thirteen word so-called "residual clause"[2] of the Armed Career Criminal Act (ACCA) for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, 135 S. Ct. at 2555-57.  On April 18, 2016, the Supreme Court held in *Welch v. United States* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016).

The Sentencing Guidelines crime of violence definition under §4B1.2(a) contained language identical to the ACCA residual clause at the time of Herman's sentencing. *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (there is "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]").  Since *Johnson*, Courts of Appeal

---

[2] The Armed Career Criminal Act defines "violent felony" to include a "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added).

ORDER - 5

have reached different decisions on whether a constitutional vagueness challenge applies equally to the advisory Guidelines and whether any such rule should have retroactive application to cases on collateral attack. Only one circuit has affirmatively held that *Johnson* does not invalidate the Guideline §4B1.2's residual clause. *U.S. v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). The others have either determined or assumed the Guidelines' residual clause is invalid. There is even less consensus on the issue of retroactivity. On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to resolve this split. Three questions before the Supreme Court are: (1) whether the constitutional rule announced in *Johnson* applies to the residual clause of USSG § 4B1.2(a)(2); (2) if so, whether challenges to § 4B1.2(a)(2) are cognizable on collateral review; and (3) whether possession of a sawed-off shotgun remains a "crime of violence" based on the commentary to § 4B1.2. Oral argument is scheduled for November 28, 2016.

On May 3, 2016, Herman filed a Motion to Vacate Sentence and for Resentencing (ECF No. 162). The Motion asserts a single ground for relief: that Herman is serving an unconstitutional sentence because he is "no longer a career offender" under *Johnson v. United States*.

///

///

///

ORDER - 6

## II. STANDARD OF REVIEW

The language of 28 U.S.C. § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). District courts may entertain petitions for the writ of habeas corpus only when authorized by statute. Among the circumstances under which courts are permitted to use the writ are when the sentence was imposed in violation of the Constitution or laws of the United States or when the sentence is "otherwise subject to collateral attack." § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice," *Addonizio*, 442 U.S. at 185, or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Importantly, a one-year period of limitations exists. 28 U.S.C. § 2255(f). This period ordinarily starts when the conviction became final. *Id*. § 2255(f)(1). Herman's conviction became final in 2010, but the § 2255 motion was not filed until 2016. Herman seeks to avoid the limitations bar by invoking 28 U.S.C. § 2255(f)(3). This provision extends the limitation period to one year from the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been

ORDER - 7

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The question in this case is whether Herman's habeas petition falls within these narrow limits.

### III.  DISCUSSION

Herman has no arguable claim for relief under *Johnson*. Herman was not sentenced under the Armed Career Criminal Act. While the Supreme Court in Johnson invalidated the ACCA's residual clause, the Court made clear that its decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." 135 S. Ct. at 2563. Likewise, *Johnson* does not call into question the remainder of the career offender Guidelines' definition of crime of violence. The court's ruling that Montana robbery categorically meets the crime of violence definition under the enumerated offense clause is unchanged by *Johnson*.

Defendant contends that stripped of the Guidelines' residual clause, Application Note 1 to U.S.S.G. §4B1.2 has no force after *Johnson* and this court's sentence is invalid because it wrongly considered the inclusion of robbery in Application Note 1 in conjunction with its evaluation of the enumerated offense clause. The court acknowledges that the First, Seventh and Eighth Circuits have all held that post-*Johnson*, the listed offenses in Application Note 1 cannot serve as an

ORDER - 8

*independent* basis for a conviction to qualify as a crime of violence.[3] However, neither the Supreme Court nor any other binding authority have ruled that *Johnson* invalidates this court's approach. In fact, the Ninth Circuit did not balk in its recent unpublished opinion holding that *U.S. v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008) "is undisturbed by *Johnson*." *U.S. v. Tate*, 2016 WL 4191909 (9th Cir., Aug. 9, 2016)(unpublished); *see also, United States v. Jeffries*, 822 F.3d 192, 193-94 (per curiam)(5th Cir. 2016) (holding that Johnson did not affect the petitioner's career offender designation where prior convictions were enumerated crimes of violence under Application Note 1, thus establishing that petitioner had not been sentenced under the residual clause); *In re Sams*, 2016 WL 3997213, at *6 (11th Cir. July 26, 2016) (holding that convictions "categorically count as crimes of violence" under Application Note 1 to section 4B1.2);*U.S. v. Kinman*, 2016 WL 6124456 (S.D.Cal., Oct. 20, 2016)(acknowledging disagreement among courts and concluding California robbery remains a crime of violence after consideration of the authority,

---

[3] *United States v. Soto-Rivera*, 811 F.3d 53, 60 (1st Cir. 2016)(holding there is no textual hook left to allow us to import offenses not specifically listed in the definition of crime of violence); *United States v. Rollins,* 2016 WL 4587028 (7th Cir. Aug. 29, 2016)(agreeing with *Soto-Rivera*);*United States v. Bell*, No. 15-3506, 2016 WL 6311084, at *4 (8th Cir. Oct. 28, 2016)(defendant's prior conviction of robbery "[did] not qualify as a crime of violence solely because 'robbery' was included in the commentary to § 4B1.2.").

ORDER - 9

the structure of the Guidelines, and 2016 Amendments to the Guidelines moving robbery into its text).

Herman's claim is far from the announced rule in *Johnson*. It is far from clear or obvious that *Johnson* invalidates Application Note 1 in these circumstances and is retroactively reviewable herein. This court is not permitted to circumvent the gatekeeping mechanisms of §2255(f) and forge its own new rules. The court also does not have the authority to otherwise revisit the court's career offender determination in this case on collateral review. *See e.g., United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."). Even if it could, there continues to be post-*Johnson* support for the court's career offender finding. *See e.g., U.S. v. Tate*, 2016 WL 4191909 (9th Cir., Aug. 9, 2016)(relying upon Application Note 1 and *U.S. v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008) to conclude California convictions for robbery under California Penal Code §211 remain crimes of violence); *U.S. v. Cordova-Gonzalez*, 2016 WL 572498(9th Cir. Oct. 3, 2016)(unpublished)(rejecting appeal based upon conclusion that Nevada robbery conviction qualifies as a crime of violence as held in *U.S. v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) ); *United States v. Castillo*, 2015 WL 8787441, *3 (10th Cir. Dec. 15, 2015)(upholding California robbery conviction as a crime of violence under the Guidelines and holding "nothing in the Guidelines or related authorities suggests a court is limited to considering only a single corresponding

ORDER - 10

crime of violence when evaluating a state statute under the categorical framework."); *U.S. v. Moore*, 149 F.Supp.3d 177 (D.D.C. March 4, 2016)(holding Maryland robbery with a dangerous weapon qualified as a crime of violence under enumerated offense clause "because any instances in which it is committed…would qualify as 'extortion'…").

The court does not see a reason to wait for Supreme Court guidance before deciding the instant motion because *Johnson* does not afford Herman relief, nor does his claim meet the gatekeeping requirements of §2255(f)(3). Moreover, existing case law continues to support the court's ultimate conclusion that Defendant's conviction for Montana robbery remains a crime of violence, notwithstanding *Johnson*.

### IV.    CONCLUSION

For the reasons stated, Herman's Motion to Vacate Sentence and for Resentencing (ECF No. 162) is **DENIED.** As the court recognizes that reasonable jurists could "debate whether…the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), the court grants a certificate of appealability.

DATED this 22nd day of November, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 11