FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DALLAS C. HERMAN, <br><br> Defendant. | No. 2:08-CR-00146-LRS-1 <br><br><br> ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant's Motion for Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 178, from Dallas C. Herman. The Government was represented by Assistant U.S. Attorney Timothy J. Ohms. After the motion was filed *pro se*, attorney Katherine Westerman was appointed to represent Mr. Montgomery. This matter was heard on August 11, 2020 without oral argument. The Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release, ECF No. 178, is GRANTED.

ORDER - 1

# BACKGROUND

On November 18, 2009, pursuant to a plea agreement based on Fed.R.Crim.P. 11(a)(2), Defendant pled guilty to Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and acknowledged the government's position that he was a Career Offender under U.S.S.G. § 4B1.1. ECF No. 99, 100. On April 16, 2010, Defendant was sentenced to 186 months imprisonment and eight years of supervised release. ECF Nos. 123, 124. His projected release date is January 5, 2022. *See* https://www.bop.gov/inmateloc/.

Defendant is 57 years old and suffers from hypertension, obesity, and Barrett's disease, and has been treated for and is now free of hepatitis-C. ECF No. 178 at 2-3. He takes medications for acid reflux and kidney function. ECF No. 178 at 3. Defendant filed a compassionate release request with the warden of FCI Sandstone, where he is housed, which was denied on June 1, 2020. ECF No. 179 at 2. Defendant seeks a reduction in sentence based on the risk to his health caused by the COVID-19 pandemic and his medical condition. ECF No. 179.

The Government argues that Defendant has not identified legally sufficient reasons for a sentence reduction and that he poses a risk to the safety of the

ORDER - 2

community. The Government also argues the Court has no authority to direct home confinement. ECF No. 184 at 10-18.

## DISCUSSION

### A.  Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

Attached to Defendant's motion is a copy of a denial of a request for reduction in sentence by the warden of FCI Sandstone dated June 1, 2020. ECF No. 179 at 2. The Government does not challenge Plaintiff's request on the basis of failing to exhaust administrative remedies. ECF No. 184. Accordingly, the Defendant's motion for compassionate release is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

ORDER - 3

defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Defendant is not eligible for compassionate release under subsection (2) of 18 U.S.C. § 3582(c)(1)(A) because he is not over 70 years old and has not served 30 years in prison. Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release.

**B.    Extraordinary and Compelling Reasons**

Defendant contends that the COVID-19 pandemic and his medical conditions constitute "extraordinary and compelling reasons" for compassionate release. ECF No. 178, 195. The First Step Act did not define "extraordinary and

compelling reasons" warranting a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment, whichever is less; (3) family

ORDER - 5

circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Defendant moves for compassionate release on the grounds that his obesity, hypertension, and other physical ailments combined with the risk of contracting COVID-19 constitute "extraordinary and compelling reasons" for a sentence reduction. ECF No. 178; ECF No. 195 at 31-36. Defendant also contends that a policy of the U.S. Probation Office for the District of Montana preventing his transition to home confinement is an extraordinary and compelling reason for compassionate release. ECF No. 195 at 36-40.

According to the CDC, Defendant's obesity, measured by a body mass index (BMI) of 36.5 (ECF No. 179 at 22-23), causes him to be at increased risk of severe illness from COVID-19, and hypertension (ECF No. 196 at 9-16) may increase risk, as well.[1] Centers for Disease Control and Prevention, *People at Increased*

---

[1] The Government contends Defendant's medical record does not support a diagnosis of hypertension and cites a January 2020 record indicating that "[i]t is very unlikely he has HTN [hypertension]." ECF No. 184 at 15 (citing ECF No.

ORDER - 6

*Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited September 1, 2020).[2]

The Bureau of Prisons has already referred Defendant for release to home confinement under the CARES Act based on the high risk from COVID-19 and his medical conditions, contingent on the approval of the local U.S. Probation Office in the District of Montana where Defendant planned to reside. ECF No. 196 at 2-4. However, the U.S. Probation Office for the District of Montana declined to supervise Defendant for home confinement based on an internal policy that it will not supervise inmates released under the CARES Act who have more than one year remaining on their sentence. ECF No. 196 at 3-4.

The Court finds that Defendant's medical condition, the risks associated with the COVID-19 pandemic, and the prior referral by the Bureau of Prisons for

---

179 at 21). On reply, Defendant submitted additional medical records which indicate a diagnosis of hypertension starting in April 2020. ECF No. 196 at 9-16.

[2] The Government indicates obesity is a risk factor only for those with severe obesity based on a BMI of 40 or higher. ECF No. 184 at 13. As of July 17, 2020, the CDC's updated recommendations indicate anyone with BMI of 30 or higher is at increased risk. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

ORDER - 7

home confinement under the CARES Act in combination constitute extraordinary and compelling reasons which justify compassionate release.

**C.    18 U.S.C. § 3553 Factors and Danger to Community**

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.  The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act.  U.S.S.G. § 1B1.13.

The Government argues that Defendant poses a risk to the safety of the community and that the 18 U.S.C. § 3553(a) factors weight against his release. ECF No. 184 at 16-17.  The Government notes Defendant's history of criminal offenses which include acts of violence and that his current offense was committed while he was under court supervision for another offense.  ECF No. 184 at 16-17. The Government also notes that Defendant received substantial benefits through the plea agreement which removed the threat of a 20-year mandatory sentence, and that this Court exercised discretion to impose a sentence below the guideline range. ECF No. 184 at 16-17.

Notwithstanding, the Court has reviewed all the factors to be considered in imposing a sentence, 18 U.S.C. § 3553(a), and does not find any one factor or combination of factors precludes compassionate release.  Even considering the

factors raised by the Government, the Court notes that the Bureau of Prisons has determined Defendant is eligible for home confinement. If Defendant is not granted compassionate release, he would be accepted for home confinement in January 2021, which is only a few months away. He has served a significant portion of his sentence and is scheduled for release in January 2022.

Additionally, Defendant has participated in numerous programs to better himself while incarcerated and reports having been granted "out custody" for almost three years to work with little to no supervision. ECF No. 178 at 4, 7; ECF No. 179 at 42-56. But for the policy of the U.S. Probation Office for the District of Montana, Defendant would already be released to home confinement. Further incarceration is not necessary for deterrence nor is it necessary to protect the public, and Defendant does not now present a risk of danger to the any person or the community as articulated in 18 U.S.C. § 3142(g). Thus, the § 3553(a) sentencing factors favor resentencing Mr. Herman to time served.

## CONCLUSION

The Court finds that Mr. Herman qualifies for compassionate release based on his medical conditions, the current COVID-19 pandemic, and the Bureau of Prisons determination that Defendant is eligible for home confinement under the CARES Act, which together constitute "extraordinary and compelling reasons" warranting a sentence reduction, and the reduction is consistent with applicable

policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). Further, the Court finds that a time-served sentence is "sufficient but no greater than necessary" to comply with the purposes set forth by Congress and the Sentencing Commission, and that Mr. Herman is not a danger to any person or the community.

Accordingly,

1. Defendant's Motion for Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 178**, is **GRANTED.**

2. The Court will enter an Amended Judgment imposing a sentence of imprisonment of "time served."

3. The Defendant's previously imposed conditions of supervised release are modified to include all current mandatory and standard conditions, as well as the following special conditions:

    a. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

      b. You must undergo a substance abuse evaluation and, if indicated by al licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and the treatment provider.

      c. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

      d. You shall self-quarantine for a minimum of 14 days upon arrival at your residence.

4. There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to

make appropriate travel arrangements and ensure the Defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide copies to counsel, the Bureau of Prisons, the United States Marshal Service, and the U.S. Probation Office.

**DATED** September 10, 2020.

*[signature]*
LONNY R. SUKO
Senior United States District Judge

ORDER - 12